080344.246

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MICHELL REED, Special Administrator of the Estate
of TERRI REED, Deceased,

    Plaintiffs,

  v.

UNITED STATES OF AMERICA, and INGALLS
MEMORIAL HOSPITAL, an Illinois corporation,

    Defendants.

No.   09 CV 5451
Honorable Suzanne B. Conlon

## DEFENDANT INGALLS MEMORIAL HOSPITAL'S MOTION FOR PARTIAL SUMMARY JUDGMENT

   Defendant, INGALLS MEMORIAL HOSPITAL, by its attorneys in this regard, Sherri M. Arrigo, Michael P. Kelley and DONOHUE BROWN MATHEWSON & SMYTH LLC, pursuant to Federal Rule of Civil Procedure 56, hereby moves for Partial Summary Judgment against plaintiff on Count II of plaintiff's complaint at law. Ingalls Memorial Hospital states the following in support thereof:

   1.  Plaintiff's medical malpractice complaint alleges negligence in the treatment of plaintiff on June 18, 2006, resulting in the stillbirth of plaintiff's daughter, Terri Reed. (SF ¶ 1-2.) Count II of plaintiff complaint seeks to recover damages from Ingalls Memorial Hospital based on the negligence of its alleged actual and/or apparent agent, Dr. Claud. (SF ¶ 1-2.)

   2.  Plaintiff visited the Family Christian Health Center for regular healthcare for over six years prior to the pregnancy at issue in this action. (SF ¶ 9.)

   3.  Plaintiff's family practice physician at the Family Christian Health Center was Dr. Wanda Hatter-Stewart. (SF ¶ 8.)

4.    After plaintiff became pregnant with Terri, Dr. Hatter-Stewart referred plaintiff to Dr. Claud and Dr. Jamie Horn, both of whom were Obstetricians at the Family Christian Health Center. (SF ¶ 10.)

5.    Dr. Claud was not the actual agent of Ingalls Memorial Hospital at any time during his treatment of plaintiff. (SF ¶ 6.)  During his treatment of plaintiff, Dr. Claud was a federal employee employed by co-defendant United States of America. (SF ¶ 19.)  Dr. Claud presently is on staff at the University of Chicago Medical Center. (*Id.*)

6.    Ingalls Memorial Hospital is entitled to summary judgment on plaintiff's claim that Dr. Claud was the actual agent of Ingalls Memorial Hospital at the relevant time because Dr. Claud was not the actual agent of Ingalls Memorial Hospital at any time that he treated plaintiff. (SF ¶ 6.)

7.    Ingalls Memorial Hospital also is entitled to summary judgment on plaintiff's claim that Dr. Claud was the apparent agent of Ingalls Memorial Hospital during the relevant time.  The evidence presented in this action conclusively establishes that Ingalls Memorial Hospital did not hold Dr. Claud out as its agent (SF ¶ 7.)   By signing eight consent forms from Ingalls Memorial Hospital at various times during her pregnancy with Terri, plaintiff knew or should have known of Dr. Claud's independent contractor status as clearly indicated in the consent forms. (SF ¶ 13-18). The evidence further shows that plaintiff initially met Dr. Claud at the Family Christian Health Center, where Dr. Claud provided obstetric care, after plaintiff's family physician at the Family Christian Health Center, Dr. Hatter-Stewart, referred her to Dr. Claud. (SF ¶ 10.)

8.    On a defendant's motion for summary judgment, plaintiff must present a factual basis arguably entitling that party to a judgment.  Plaintiff has not presented any facts to support her claim that Dr. Claud was the actual or apparent agent of Ingalls Memorial Hospital.  Indeed, the evidence

- 2 -

presented on the issue conclusively establishes that Ingalls Memorial Hospital did not hold Dr. Claud out as its agent, that plaintiff knew or should have known of Dr. Claud's independent contractor status by way of the signed consent forms, her longstanding relationship with the Family Christian Health Center of which Dr. Claud was a part, and her professional relationship with her chosen obstetrician, Dr. Claud, and that plaintiff did not rely on any representations of Ingalls Memorial Hospital in choosing where to obtain her care and treatment.  As a result, Ingalls Memorial Hospital cannot be vicariously liable for the conduct of Dr. Claud, and Ingalls Memorial Hospital is entitled to judgment in its favor as a matter of law on plaintiff's actual and apparent agency claims contained in Count II of plaintiff's complaint at law.

WHEREFORE, for the foregoing reasons and those stated in Ingalls Memorial Hospital's Memorandum in Support of its Motion for Partial Summary Judgment, Ingalls Memorial Hospital respectfully requests the entry of partial summary judgment in its favor and against plaintiff on plaintiff's actual and apparent agency claims contained in Count II of plaintiff's complaint at law, and for any other relief deemed necessary and proper.

Respectfully submitted,

INGALLS MEMORIAL HOSPITAL

s/ Michael P. Kelley
Sheryl M. Arrigo (ARDC No. 06236640)
Tanya E. Poth (ARDC No. 06275713)
Michael P. Kelley (ARDC No. 06289903)

Sherri M. Arrigo      ARDC No 06236640
Tanya E. Poth        ARDC No 06275713
Michael P. Kelley     ARDC No 06289903
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:    (312) 422-0900
Facsimile:    (312) 422-0909

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2010, I electronically filed **Defendant Ingalls Memorial Hospital's Motion for Partial Summary Judgment** with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which sent notification of such filing to the counsel of record set forth below.

## SERVICE LIST

Kathryn Ann Kelly
kathryn.kelly@usdoj.gov
craig.oswald@usdoj.gov
carolyn.fiebig@usdoj.gov

James P. Navarre
jnavarre@cogan-mcnabola.com

s/ Michael P. Kelley